NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JUAN JESUS CHAIDEZ,

    Defendant - Appellant.

No. 25-1266

D.C. No.
4:21-cr-00377-JSW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted December 1, 2025[**]
San Francisco, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and ZIPPS, Chief District
Judge.[***]

Appellant Juan Jesus Chaidez appeals the district court's judgment revoking

his supervised release and imposing a 24-month custodial sentence. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jennifer G. Zipps, United States Chief District Judge for the District of Arizona, sitting by designation.

1. Under de novo review, we find that Chaidez's due process right to confront Doe was not violated by the admission of Doe's statements at the revocation proceeding. *See United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008). We apply a balancing test to determine whether a releasee had a right to confrontation, weighing his interest in confronting the witness with the government's good cause for failing to procure her. *See United States v. Comito*, 177 F.3d 1166, 1170–72 (9th Cir. 1999).

2. The district court properly found good cause for Doe's absence as a witness and that her absence stemmed from genuine fear rather than governmental neglect. *See United States v. Hall*, 419 F.3d 980, 988 n.6 (9th Cir. 2005). The probation officer personally served Doe with multiple subpoenas and attempted several follow-ups. After the assault, Doe sought two restraining orders against Chaidez, changed residences, refused to provide her new address, and would meet the probation officer only in public locations. She repeatedly expressed fear of Chaidez and told Officer Tinoco she felt threatened by the letters he sent her from jail, including one implying she should not testify. As the district court found, although the letters were not overtly threatening, their tone, number, and timing showed Chaidez's fixation on the relationship and corroborated the sincerity of Doe's fear. The probation officer's remarks that a warrant was unlikely to issue if Doe ignored the subpoena did not undermine the government's documented efforts

or the strong evidence of Doe's fear.

3.  Although Doe's statements were "important to the finding of the violation," *Comito*, 177 F.3d at 1171, Chaidez's confrontation interest was lessened by the reliability of the evidence, *see Hall*, 419 F.3d at 987–88. Doe's 911 call and her statements recorded on the officers' body-worn cameras were made shortly after the assault, while she was visibly injured, crying, and distraught. Such statements qualify as excited utterances under Federal Rule of Evidence 803(2), a firmly rooted hearsay exception which necessarily "satisf[ies] the lesser standard of due process accorded the [defendant] in a revocation proceeding." *See id.* at 987. Doe's statements were further corroborated by photographs, body-worn camera footage, and officer testimony. Accordingly, the district court properly concluded that Doe's statements bore strong indicia of reliability.

4.  Balancing Chaidez's confrontation interest against the government's showing of good cause for Doe's absence and the reliability of the evidence, the district court correctly found Doe's statements admissible.

**AFFIRMED.**